UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALLEN HUMPHREY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 1:25-cv-00595-ALT |
| ) | |
| NAVPREET SINGH THIND, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant The BLM Group, Inc.'s ("BLM") Motion to Strike Portions of Plaintiffs' Complaint (ECF 14) filed on December 12, 2025, pursuant to Federal Rule of Civil Procedure 12(f). Plaintiffs responded to the motion on December 31, 2025. (ECF 18). BLM then filed a reply on January 7, 2026. (ECF 19). Accordingly, the motion is ripe for adjudication, and it will be DENIED.

**A.  Factual and Procedural Background**

On November 7, 2025, Plaintiffs brought this motor vehicle accident case against Defendants. (ECF 1). Plaintiffs then filed an amended complaint on November 14, 2025. (ECF 4).

On December 12, 2025, BLM filed a motion to strike portions of Plaintiffs' complaint. The Court construes BLM's motion as one to strike the amended complaint (ECF 4) as the controlling complaint. The motion alleges that numerous paragraphs in Plaintiffs' complaint are immaterial and impertinent, so much so that they "blur the difference between mere allegation and actual factual supposition." (ECF 14 at 2). It contends that because Plaintiffs' claims "muddy the waters between fact and fiction by casting Defendants in an unnecessary and derogatory

light, . . . [r]etention of these allegations will unfairly prejudice Defendants, and may further risk confusing the trier of fact as to any potential disputes of material fact." (*Id.* at 2-3). Plaintiffs respond by arguing their inclusion of auto safety-related allegations is not prejudicial, the description of the collision fairly characterized the events, the inclusion of "Rule of the Road" allegations are material, allegations concerning corporate legal duties are relevant, and the notice of intent to use U.S. Life Tables is relevant and nonprejudicial. (ECF 18 at 3, 6-9).

### B.  Applicable Legal Standard

Federal Rule of Civil Procedure 12(f) "permits a district court to strike portions of a pleading '[u]pon motion made by a party before responding to a pleading, or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party.'" *Williams v. Jader Fuel Co*., 944 F.2d 1388, 1399 (7th Cir. 1991) (alteration in original) (citation omitted).

Rule 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see Delta Consulting Grp., Inc. v. R. Randle Constr., Inc*., 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are generally disfavored because they consume scarce judicial resources, *see Custom Vehicles, Inc. v. Forest River, Inc*., 464 F.3d 725, 727 (7th Cir. 2006), and "potentially serve only to delay[,]" *Heller Fin., Inc. v. Midwhey Powder Co*., 883 F.2d 1286, 1294 (7th Cir. 1989) (citation omitted). "But where . . . motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Id*.

"A motion to strike should not be granted unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial." *Wilkins v. City of Chicago*, 736 F. Supp. 3d 616, 626 (N.D. Ill. 2024) (citation, brackets, and internal quotation marks omitted); *see*

*also Volling v. Antioch Rescue Squad*, 999 F. Supp. 2d 991, 1007 (N.D. Ill. 2013). "Striking a portion of a pleading is considered a drastic remed[y]". *Wilkins,* 736 F. Supp. at 626 (alteration in original) (citation and internal quotation marks omitted). On a Rule 12(f) motion, the movant bears the burden to demonstrate "that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Wilkins,* 736 F. Supp. at 626 (citation omitted); *Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028, 1033 (N.D. Ill. 1998) (citing *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992)).

"A party will be prejudiced if the allegation at issue will confuse the issues in the case or is so lengthy and complex that it places an undue burden on the party." *LeSEA, Inc. v. LeSEA Broad. Corp.*, 379 F. Supp. 3d 732, 742 (N.D. Ind. 2019) (citation omitted); *Stop Illinois Health Care Fraud, LLC v. Sayeed*, 2016 WL 4479542, at *3 (N.D. Ill. Aug. 25, 2016) (citation omitted). "Even what could be called colorful descriptive language is not stricken where it is material and pertinent to the claims at issue." *LeSEA, Inc.,* 379 F. Supp. 3d at 742 (citation omitted). *See, e.g.*, *Kuhlmey v. City of Hammond*, No. 2:16 CV 56, 2016 WL 5724484, at *2-3 (N.D. Ind. Sept. 30, 2016) (denying motion to strike characterization of defendants' conduct as a "shoot first, ask questions later" policy because case hinged in fact on "whether defendants promulgated an improper pattern or practice"); *Jordan v. VanWinkle*, No. 3:04-CV-647 RM, 2005 WL 1500860, at *1-2 (N.D. Ind. Jun. 23, 2005) (denying motion to strike description of defendant's conduct as "sadistic" where wrongfulness of defendant's conduct and use of force were at issue in the lawsuit).

## C. Analysis

*a. Auto Safety Related Facts and Company History, Paragraphs 8, 11, 12, 13, 14, 15, and 16*

In the "Factual "Background" section of the complaint, Plaintiffs list statistics of vehicle accidents, BLM's company information, FMCSA-reflected driver, compliance, and maintenance issues based on recorded collisions. (ECF 4 ¶¶ 8, 11-16). Plaintiffs explain in their response brief that this information comes from publicly available databases. (ECF 18 at 3-5). BLM argues the use of these statistics invites the trier of fact to use emotion to decide the case as opposed to the merits. For instance, take paragraph 8:

> 8. More than 100,000 vehicle collisions involving commercial vehicles occur annually in the United States, which result in as many serious injuries and more than 5,000 deaths per year. In the state of Indiana alone, more than 100 people die each year as a result of commercial motor vehicle collisions. 94% of these commercial motor vehicle collisions are caused by driver-related errors.

(ECF 4 ¶ 80). BLM points out that no plaintiff died in this case, so citing this statistic is a "clever red herring" and thus prejudicial. (ECF 14 at 3). However, at this juncture, the Court is able to discern the facts of the case as opposed to persuasive writing by Plaintiffs. There is little risk of prejudice. Additionally, the case at hand does deal with a vehicle collision in the United States and Indiana and crash statistics may be "material and pertinent to the claims at issue." *See LeSEA, Inc.,* 379 F. Supp. 3d at 742. There is a possible relation to the controversy. *See Wilkins,* 736 F. Supp. 3d at 626 (explaining a motion to strike should not be granted unless the language has no possible relation to the controversy and is clearly prejudicial).

Paragraphs 11 through 16 present BLM's company information and FMCSA-reflected driver, compliance, and maintenance issues based on recorded collisions involving BLM. (ECF 4 ¶¶ 11-16). BLM argues the inclusion of their company information is irrelevant and takes issue with Plaintiffs' characterization of BLM as an "unsafe motor carrier" and BLM's record as

"poor." (ECF 14 at 3-4). However, with BLM company information potentially relevant to corporate-negligence claims, driver-negligence claim, and gross negligence claims, and mere use of colorful descriptive language to describe BLM, there is no reason to strike. *See LeSEA, Inc.*, 379 F. Supp. 3d at 742 ("colorful descriptive language is not stricken where it is material"). Although BLM may not like the language in the complaint, these allegations are not irrelevant and immaterial. Further, to the degree to which BLM is concerned the trier of fact will be confused by the content of Plaintiffs' complaint, the Court assures BLM it is more than capable of identifying the pertinent facts at this stage of the case. As such, the motion to strike is denied as to paragraphs 8, 11, 12, 13, 14, 15, and 16 of the amended complaint (ECF 4).

b. *Description of Collision, Paragraph 22*

BLM takes issue with Plaintiffs' language such as "plowed violently" and "wholly ignored" in paragraph 22, calling the language inflammatory. (ECF 14 at 6).

> 22. Despite traffic slowing and/or stopping, Defendant Thind failed to slow or stop his vehicle, wholly ignored the stopped vehicles and plowed violently into multiple vehicles, including the Silver Nissan Truck.

(ECF 4 ¶ 22). However, Plaintiffs' complaint obviously must describe the events giving rise to the case. Although BLM may not like the characterization of the accident, disliking Plaintiffs' descriptive language is not enough. *See LeSEA, Inc.*, 379 F. Supp. 3d at 742. "The Court declines to engage in judicial editing of Plaintiffs' complaint." *Wilkins*, 736 F. Supp. 3d at 626. The motion to strike is denied as to paragraph 22 of the amended complaint (ECF 4).

c. *Rules of the Road and Responsibilities of Corporations, Paragraphs 28, 29, 30, 31, 32, 40, 41, and 42*

In paragraphs 28 to 32, the Plaintiffs' complaint details various rules of the road such as a driver must "always keep a proper lookout," "always keep a safe distance," and "always keep

from becoming distracted." (ECF 4 ¶¶ 30-32). Similarly in paragraphs 40 to 42, Plaintiffs' complaint details responsibilities of corporations like BLM to "hire qualified drivers," "properly train their drivers," and "properly supervise their drivers." (*Id.* ¶¶ 40-42). BLM argues these rules are obvious and these statements only create prejudicial inferences that BLM does not abide by rules of the road or follow proper hiring or supervisory practices. (ECF 14 at 7-9).

Plaintiffs argue these facts are important for their negligence claims as rules of the road and corporate responsibilities are material to establish duty. (ECF 18 at 7-9). BLM has not met its burden to dispute this. Even though these facts could be considered obvious, Plaintiffs are correct that their pleading standard under Federal Rule of Civil Procedure 8, requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). By calling the facts obvious or expressing concerns about prejudicial inferences, BLM has not shown "that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Wilkins,* 736 F. Supp. at 626 (citation omitted). The motion to strike is denied as to paragraphs 28, 29, 30, 31, 32, 40, 41, and 42 of the amended complaint (ECF 4).

*d. Inclusion of the Life Table, Paragraph 63*

BLM next argues that Plaintiffs" notice of intent to use the U.S. Life Tables from the United States Department of Health and Human Services should be stricken as extraneous. (ECF 14 at 9). "However, mere redundancy or immateriality is not enough to trigger the drastic measure of striking the pleadings or parts thereof; in addition the pleading must be prejudicial to the defendant." *Hardin v. Am. Elec. Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999) (citations

omitted). Thus, BLM has not met its burden by simply calling this notice extraneous. The motion to strike is denied as to paragraph 63 of the amended complaint (ECF 4).

### D.  Conclusion

For the foregoing reasons, Defendant The BLM Group, Inc.'s Motion to Strike Portions of Plaintiffs' Complaint (ECF 14) is DENIED.

SO ORDERED.

Entered this 12th day of January 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge