**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **ALLEN HUMPHREY, *Individually, et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 1:25-cv-00595-ALT** |
| **v.** | ) | |
| | ) | |
| **NAVPREET SINGH THIND, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Plaintiffs and Defendants are engaged in a discovery dispute regarding the deposition of Henry Godhino, the financial controller for Defendant The BLM Group Inc., and the forensic examination of Defendant Navpreet Singh Thind's cell phone, resulting in a flurry of motions and related filings. (ECF 57-70). One of those filings, Defendants' response (ECF 61) to Plaintiffs' motion to compel the deposition of Henry Godhino and production of Defendant Thind's cell phone (ECF 58) was untimely filed, resulting in Plaintiffs filing a motion to strike Defendants' response on October 2, 2026. (ECF 62). Defendants timely filed a response to the motion to strike (ECF 64), and Plaintiffs filed a reply on October 9, 2026 (ECF 68), so the motion is ripe for ruling. In turn, Defendants filed a motion for relief from late filing on October 13, 2026 (ECF 69), which Plaintiffs responded to on October 27, 2026. (ECF 70). The Court will address the motion to strike and motion for relief now.

*A. Applicable Law*

According to Federal Rule of Civil Procedure 6(b)(1)(B), a court, for good cause, may extend time "on motion made after the time has expired … [for] excusable neglect." *See* N.D. Ind. L.R. 7-1(d)(4) ("The court may extend response- and reply-brief deadlines, but only for

good cause."). In determining whether Defendants' delay was excusable neglect, both Plaintiffs and Defendants point to *Pioneer Investment Services Co. v. Brunswick Associates* as the controlling precedent. 507 U.S. 380 (1993); (ECF 64 at 2; ECF 68 at 3). The *Pioneer* court weighed four factors to determine if the neglect, a twenty-day delay by a creditor to file a proof of claim, was excusable: (1) danger of prejudice, (2) length of delay, (3) reasons for delay, and (4) good faith. *Id.* at 395.

In *Pioneer*, the creditor's lawyer claimed his filing delay was caused by his withdrawal from his law firm and its related disruptions. *Id.* at 384. The bankruptcy court refused the late filing, the Sixth Circuit Court of Appeals reversed, finding excusable neglect, and the Supreme Court affirmed. *Id.* at 385-86*,* 399. There was no dispute that the creditor acted in good faith and that the debtor risked no danger of prejudice. *Id.* at 397. The Supreme Court gave little weight to the creditor's lawyer's upheaval in law practice but emphasized that the bar notice was provided "outside the ordinary course … without any indication of [its] significance." *Id.* at 398. Thus, the Supreme Court found that the neglect was "excusable." *Id.* at 399.

*B. Analysis*

Plaintiffs' motion to compel was filed on September 11, 2026, making Defendants' response due on September 25, 2026. (ECF 58); *see* N.D. Ind. L.R. 7-1(d)(3)(A). Defendants filed their response on October 1, 2026 (ECF 61), six days late. Plaintiffs ask that Defendants' response be stricken because Defendants have not established "excusable neglect" for their untimeliness and, as of the filing of Plaintiffs' reply, had not filed a motion for an extension. (ECF 68 at 1-2); *see* Fed. R. Civ. P. 6(b)(1)(B).

Plaintiffs contend that under *Pioneer*, "a lawyer's carelessness alone" is never sufficient to find excusable neglect, meaning Defendants' "self-described calendaring mistake … is

precisely the type of inadvertence the Supreme Court has said does not usually qualify." (ECF 68 at 3). Only an "unusual" fact out of the lawyer's control, such as the out-of-the-ordinary bar notice, *Pioneer*, 507 U.S. at 398, could create the circumstances for excusable neglect. (ECF 68 at 3).

Plaintiffs misunderstand *Pioneer*. The Supreme Court found that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." 507 U.S. at 388. But a finding of excusable neglect is not excluded just because the mistake was within Defendants' control. *Id.* at 392 ("[I]t is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." (footnotes omitted)); *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997) ("[W]e do not agree with the trial judge's broad statement that the Seventh Circuit's post-*Pioneer* decisions have not modified the rule that attorney negligence *cannot* constitute 'excusable neglect.'" (internal quotations omitted)).

The Eleventh Circuit Court of Appeals has also applied *Pioneer*'s understanding of excusable neglect in situations similar to the instant facts. *See Cheney v. Anchor Glass Container Corp,* 71 F.3d 848, 850 (11th Cir. 1996) (finding that although plaintiff's lead counsel and an associate both inadvertently thought the other had filed the demand for trial *de novo*, an error entirely in their control, the resulting six-day delay was an "innocent oversight" and thus excusable negligence); *Walter v. Blue Cross & Blue Shield United of Wisconsin,* 181 F.3d 1198, 1202 (11th Cir. 1999) (finding that a thirty-day delay in responding to a motion to dismiss due to a former secretary's failure to docket the response deadline was excusable neglect as an "innocent oversight" like in *Cheney*).

Plaintiffs further point to *Lujan v. National Wildlife Federation* as the more relevant case law. 497 U.S. 871 (1990); (ECF 68 at 4). *Lujan* is inapplicable for two reasons. First, the late-filing-party in *Lujan* never filed a motion to submit the untimely affidavits. *Lujan*, 497 U.S. at 896-97. Here, Defendants filed a motion for relief from late filing on October 13, 2026.[1] (ECF 69). Second, and more importantly, the later *Pioneer* court described *Lujan* as not defining "excusable neglect" nor deciding how that standard would apply on the facts of that case. *Pioneer*, 507 U.S. at 395 n.13. Instead, *Lujan* held that a "District Court did not abuse its discretion in declining to permit a late filing…." *Id.* And even the *Pioneer* dissenters viewed the Court as rejecting *Lujan* in favor of a "multifactor balancing test covering numerous equitable considerations." *Id.* at 399, 400-01 (O'Connor, J., dissenting) ("Yet the majority provides no reason why we should depart from the analysis we so recently employed in *Lujan*….").

Applying the *Pioneer* factors in this case, all four factors weigh in favor of Defendants. First, although Plaintiffs claim they are prejudiced because they had to prepare the motion to strike and their reply (ECF 68 at 6), this does not show how the delay prejudiced them as it relates to the underlying motion or the case as a whole. Second, the delay was only six days, which is equal to the delay in *Cheney* and much shorter than that in *Pioneer* and *Walter*. Third, the reason for delay was a calendaring mistake, a type of "innocent oversight." *Cheney*, 71 F.3d at 850. Finally, Plaintiffs do not allege Defendants acted in bad faith. Although the Court does not approve of Defendants' late filing and stresses that parties should adhere to deadlines established in the Federal Rules of Civil Procedure, the Local Rules, and otherwise, the Court finds that there is excusable neglect and good cause under Rule 6(b)(1)(B) to accept the late filing of Defendants' response.

[1] The Court notes that Defendants' motion is not in compliance with Local Rule 6-1(a)(3) and reminds counsel to comply with such Rule in future motions.

*C. Conclusion*

For the foregoing reasons, Plaintiffs' Motion to Strike Defendants' Response to Plaintiffs' Motion to Compel (ECF 62) is DENIED, and Defendants' Motion for Relief from Late Filing Pursuant to Rule 6(B)(1) is GRANTED. (ECF 69).

SO ORDERED.

Entered this 28th day of October 2026.

/s/Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge